UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **HEATHER CONRAD**<br>213 Kenwood Drive<br>Middletown, OH  45042<br><br>           Plaintiff,<br><br>v.<br><br>**TRANSIT AUTHORITY OF NORTHERN KENTUCKY (TANK)**<br>3375 Madison Pike<br>Ft. Wright, KY  41017<br><br>SERVE AGENT:<br>   Dave Soger<br>   3375 Madison Pike<br>   Ft. Wright, KY  41017<br><br>and<br><br>**ANTHONY TROTTA**<br>402 Main Street<br>Bromley, KY  41016<br><br>and<br><br>**HUMANA HEALTH PLAN INC.**<br>500 West Main Street<br>Louisville, KY 40202<br><br>SERVE:  Humana Health Plan Inc.<br>            ATTN:  Humana Subrogation<br>            500 West Main Street<br>            Louisville, KY  40202<br><br>           Defendants. | Case No.:<br><br>Judge<br><br><br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

1

Now comes Plaintiff, Heather Conrad, by and through counsel, and for her Complaint states as follows:

## PRELIMINARY STATEMENT

1. This suit is filed to seek accountability for the negligence of the Transit Authority of Northern Kentucky, along with its employee, Anthony Trotta, who caused serious and permanent injuries to Plaintiff Heather Conrad.

## PARTIES

2  Plaintiff Heather Conrad ("Heather) is an individual residing in Butler County, Ohio.

3. Defendant Transit Authority of Northern Kentucky ("TANK") is a public transportation service in the Commonwealth of Kentucky, an entity created pursuant to an inter local agreement between the three northern Kentucky counties, Kenton, Boone and Campbell, with its principal place of business at 3375 Madison Pike, Ft. Wright, Kenton County, Kentucky 41017. Defendant TANK has designated board member, Dave Sogar, as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

4. Defendant Anthony Trotta ("Trotta") is an individual residing at 402 Main Street, in Bromley, Kenton County, KY 41016. At all times relevant to this complaint, he was acting within the course and scope of his employment as a TANK bus driver.

5. Defendant Humana ("Humana") is a corporation duly incorporated under the laws of the State of Kentucky. At all times relevant to this matter, Humana provided health insurance benefits to Heather and may have a subrogated interest in any award Heather receives.

## JURISDICTION and VENUE

6. This Court has jurisdiction over the dispute between the parties pursuant to 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship, and the amount in controversy is in excess of $75,000.00.

7. This Court also has supplemental jurisdiction to hear Heather's related state law causes of action pursuant to 28 U.S.C. § 1367.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because it is the district where TANK resides and because all Defendants are residents/citizens of the Commonwealth of Kentucky.

## FACTS

9. Heather incorporates her previous allegations as if fully rewritten herein.

10. On May 15, 2018, at approximately 8:27 a.m., Heather was a pedestrian walking to work at the intersection of Fourth and Walnut Streets in the City of Cincinnati, Hamilton County, Ohio.

11. As Heather was crossing Walnut Street within a designated cross walk, she was struck by a bus owned and operated by TANK.

12. At the time of the accident, the bus was being driven by Trotta.

13. The bus being driven by Trotta was a 2012 Gillig Phantom TANK Bus Kentucky Registration P4889 owned by TANK.

14. At the time of the accident, Trotta was turning the bus, owned and operated by Tank, left from 4th Street onto Walnut Street.

15. Heather was struck by the front left corner of the bus, knocked down, and then run over by the front left tire.

16. Heather was thereafter dragged 23 feet by the TANK bus before Trotta brought the bus to a stop.

17. Heather was trapped under the bus.

18. Heather crawled from under the TANK bus and was aided by several citizens until the Cincinnati Police and Fire Departments arrived.

19. As a direct and proximate result of the accident, Heather, was severely and permanently injured both physically and emotionally.

20. As a direct and proximate result of the accident, Heather sustained permanent injuries including but not limited to, extensive left leg degloving, right ankle laceration, left hemothorax, left lung contusion, left rib fractures 3-8, and scalp hematoma.

21. As a direct and proximate result of Defendants' action, Heather has endured numerous surgeries which included irrigation and debridement of degloved injury of the left lower leg from the knee to ankle with establishment of hemostasis, pulse irrigation left lower extremity, pulse irrigation of penetrating wound to the right ankle, and irrigation of abrasion to the right medial lower leg with placement of dressing.

22. Heather has further had to endure procedures including multiple skin grafts and both inpatient and outpatient occupational and physical therapies.

23. Heather suffers significant residuals from her injuries including shooting pain in the left leg, difficulty with ambulating, negotiating stairs, standing.

24. Heather continues to suffer from pain and functional limitations.

25. Emotionally since her injuries, Heather reports experiencing depressed mood, sleep impairment, chronic worry, fatigue, weight gain due to emotional eating,

sense of impending doom, discrete panic episodes, recurrent nightmares of the trauma, frequent intrusive thoughts and avoidant behavior.

26. Heather has further been diagnosed with Major Depressive Disorder, Single Episode, Panic Disorder, and Posttraumatic Stress Disorder.

27. As a direct and proximate result of the accident, Heather has incurred past medical and psychological expenses in an amount in excess of $350,000.00 and will continue to incur expenses in the future.

28. As a direct and proximate result of the accident, Heather was unable to work for a significant time and has suffered lost wages personably believed to be in excess of $15,000.00 and which will likely continue to accrue.

29. As a direct and proximate result of the accident, personal items Heather was wearing were destroyed during the impact.

### FIRST CAUSE OF ACTION
*Negligence of Anthony Trotta*

30. Heather incorporates her previous allegations as if fully rewritten herein.

31. Trotta had a duty to drive the TANK bus in a safe and reasonable manner, to obey all federal, state and local traffic laws, and to recognize and yield to pedestrians in the crosswalk.

32. On May 15, 2018, Trotta failed in the above-mentioned duties and is therefore negligent.

33. Trotta's negligence was the direct and proximate cause of the injuries to Heather and the damages described in this Complaint.

### SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant TANK*

34. Heather incorporates her previous allegations as if fully rewritten herein.

35. At all relevant times, Trotta was an employee, agent or servant of TANK. Accordingly, TANK is vicariously liable for the acts of Trotta described in the causes of action above.

## THIRD CAUSE OF ACTION
*Negligence of Defendant TANK*

36. Heather incorporates her previous allegations as if fully rewritten herein.

37. TANK had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating its buses and other employees and agents, including Trotta, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. TANK had a duty to exercise reasonable care in all its actions and omissions.

38. TANK had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

39. TANK failed in the above-mentioned duties and was therefore negligent.

40. TANK's negligence was the direct and proximate cause of the injuries to Heather and the damages described in this Complaint.

## FOURTH CAUSE OF ACTION
*Punitive Damages*

41. Heather incorporates her previous allegations as if fully rewritten herein.

42. Trotta and TANK's aforesaid actions constitute a wanton and reckless disregard for the lives and safety of others including Heather and such conduct amounts to gross negligence warranting the recovery of punitive damages.

## FIFTH CAUSE OF ACTION
*Personal Injury Protection*

43. Heather incorporates her previous allegations as if fully rewritten herein.

44. Since TANK is an entity formed under Kentucky law it has an obligation to comply with Kentucky law and under Kentucky law it has an obligation to pay Personal Injury Protection benefits to Heather.

45. A demand has been made on TANK to pay the Personal Injury Protection benefits and TANK has refused to pay.

## SIXTH CAUSE OF ACTION
*Subrogation*

46. Heather incorporates her previous allegations as if fully rewritten herein.

47. Humana is a health insurance company which insured Heather on or about May 15, 2018.

48. Humana claims a subrogated interest in the proceeds of the litigation.

49. Heather states that Humana should set forth its interest herein or forever be barred.

**WHEREFORE**, Plaintiff Heather Conrad respectfully requests judgment in her favor and against Defendants Transit Authority of Northern Kentucky and Anthony Trotta, for compensatory damages in an amount that is just and fair and in excess of Seventy-Five Thousand Dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances. Plaintiff demands payment of the Personal Injury Protection benefits. In Plaintiff Heather Conrad's Sixth Cause of Action, Plaintiff seeks a determination as to the amount required, if any, to be reimbursed to Defendant Humana.

Respectfully submitted,

/s/ Barbara L. Strady
Barbara L. Strady (KBA 88157)
RITTGERS & RITTGERS
12 East Warren Street
Lebanon, OH  45036
Phone: 513-932-2115
Fax: 513-934-2201
EMAIL:  Barb@rittgers.com
*Attorney for Plaintiff*


Charles H. Rittgers
RITTGERS & RITTGERS
12 East Warren Street
Lebanon, OH  45036
Phone: 513-932-2115
Fax: 513-934-2201
*Co-Counsel for Plaintiff*
*Pro Hac Vice Motion Forthcoming*


## JURY DEMAND

Plaintiff hereby demands a trial by jury of her peers as to all issues triable herein.

/s/ Barbara L. Strady
Barbara L. Strady
Attorney for Plaintiff